OPINION
{¶ 1} Mark A. Geho appeals from a judgment of the Champaign County Court of Common Pleas, which convicted him of aggravated murder with a firearm specification after accepting his guilty plea.
 {¶ 2} On June 29, 2001, Geho was indicted for aggravated murder with a firearm specification. He initially pled not guilty and subsequently changed his plea to not guilty by reason of insanity. A psychiatric evaluation was conducted and Geho was found to be sane at the time of the offense.[1]
 {¶ 3} In a separate case, Case No. 2001-CR-182, Geho was charged with two counts of assault on a peace officer. The state offered a plea agreement whereby Geho would plead guilty in this case to aggravated murder with a firearm specification in exchange for the dismissal of the charges in Case No. 2001-CR-182. Geho accepted this plea agreement and was sentenced to life imprisonment with parole eligibility after 20 years, with an additional three years for the firearm specification.
 {¶ 4} Geho raises two assignments of error on appeal.
 {¶ 5} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING APPELLANT'S PLEA VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY MADE WHEN APPELLANT CLEARLY DID NOT UNDERSTAND THE SENTENCE TO BE IMPOSED AND/OR WAS SUFFERING FROM INSANITY ISSUES WHICH THE TRIAL COURT DID NOT ADDRESS."
 {¶ 6} Geho claims that his guilty plea was not entered knowingly and intelligently because he did not understand the proceedings and was not mentally stable.
 {¶ 7} The trial court explored Geho's understanding of his plea and its consequences at great length. Instead of providing straight answers to the trial court's questions, however, Geho often gave rambling, indirect answers. For example, when Geho was asked whether he wanted to enter a guilty plea to the charge of aggravated murder, he would state that he "might as well do it" and that "if [he] drag[ged] it out it's going to just take more time" or other similar statements. In every instance, the trial court followed up on these statements, assuring Geho that the court had plenty of time to conduct a trial if he so desired and that Geho had various options. As these conversations unfolded, Geho did acknowledge more than once that he understood the guilty plea under discussion and that he desired to enter a guilty plea.
 {¶ 8} Our review of the record does not support Geho's contention that the nature of his answers "clearly indicated a question concerning [his] then existing mental health." Moreover, he had had a psychological assessment and had been found competent to stand trial. We also note that, upon close observation of his verbal responses and his body language, the trial court concluded the Geho had been deceptive with some of his answers. We are not in a position to second guess the trial court in this respect.
 {¶ 9} In our opinion, the trial court did a superb job at the plea hearing of following through on Geho's responses and assuring that he understood the consequences of his plea. Moreover, we are unpersuaded by Geho's argument that any mental instability was apparent from Geho's conduct at the hearing.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND DENIED HIM DUE PROCESS OF LAW BY FAILING TO INFORM HIM OF POST-RELEASE CONTROL."
 {¶ 12} Geho claims that "the trial court did not plainly advise the Appellant that eligibility for parole after 23 years was not a guarantee of grant of parole."
 {¶ 13} The transcript of the plea hearing plainly refutes Geho's argument. The trial court referred several times to Geho's "eligibility" for parole after 23 years; it did not assure Geho that he would be released in 23 years. Further, the trial court explained to Geho that his sentence would be "at least 23 years. The Parole Board decides after the 23 years whether the release takes place then or later." The trial court also explained to Geho that the Parole Board "can consider everything in your life" in deciding when he would be released, and that having fewer charges on his record as a result of the plea bargain might be a favorable factor. Geho's contention that he was led to believe that he would definitely be released in 23 years is without merit.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
FAIN, P.J. and POWELL, J., concur.
[1] The trial court refers to this evaluation and finding at the plea hearing, but the psychiatrist's report is not part of the record.